| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | <u>**FOR PUBLICATION**</u> |
| ------------------------------------------------------------x | |
| In re | Chapter 7 |
|     DAVID TEMPLEHOFF, | Case No. 05-36242(cgm) |
|               Debtor. | |
| ------------------------------------------------------------x | |

A P P E A R A N C E S:

Richard J. Miller, Esq.
Miller & Meola, P.C.
Attorneys for General Motors Acceptance Corporation
14 Corporate Woods Boulevard
Albany, New York 12211

George W. Redder, Esq.
Attorney for Debtor
243 Wall Street
Kingston, New York 12401

**MEMORANDUM DECISION REGARDING THIS COURT'S ORDER
DIRECTING RICHARD J. MILLER TO PERSONALLY APPEAR AND SHOW
CAUSE WHY HE SHOULD NOT BE PENALIZED FOR MAKING A FALSE
AFFIDAVIT AS REQUIRED BY THE SERVICEMEMBERS' RELIEF ACT**

Cecelia G. Morris, U.S.B.J.:

      This matter is brought *sua sponte* via the issuance of an Order to Show Cause directing Richard J. Miller, Esq. to appear before this Court and explain a glaring inaccuracy in an Affidavit of Default filed with this Court in connection with a Motion for Relief from the Automatic Stay. Specifically, Mr. Miller had submitted an affidavit as a motion exhibit in which Mr. Miller certified, upon information and belief, that Debtor was not on active duty with the military. In fact, Debtor's petition as well as a separate motion filed by Debtor's counsel indicate that Debtor is serving in Iraq. Both

1

the petition and Debtor's motion were filed on this Court's electronic case docket prior to Mr. Miller's motion being submitted. A hearing was held on the Order To Show Cause on July 5, 2005. For the reasons discussed below, the Court has determined that sanctions against Mr. Miller are not warranted. The Court wishes to underscore, however, that in the future all parties must review the petition to ascertain a debtor's occupation, in addition to the other measures that should be taken to determine whether a debtor against whom default is sought is a member of the military on active duty. Additionally, parties filing affidavits in compliance with the Soldiers' and Sailors' Civil Relief Act ("SSCRA") must comply with those provisions of SSCRA that require the affirming party to set forth necessary facts supporting the affidavit.

## BACKGROUND FACTS

On May 9, 2005, Debtor David Templehoff (the "Debtor") filed the instant Chapter 7 petition with this Court. Annexed to his petition Debtor included a Schedule I – Current Income of Individual Debtors, which indicates that he is employed by the U.S. Military as a Soldier. At the bottom of Schedule I, under the legend that states "Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document" the Debtor provides as follows: "Present income is temporary – based on orders and 18 month deployment to Iraq with Alaska National Guard."

Subsequently, on June 1, 2005, Debtor's counsel, George W. Redder ("Debtor's counsel"), filed a Notice of Presentment of Application Allowing the Debtor to Appear Via Telephone at the Section 341 Meeting of Creditors, ECF Docket No. 4, in which

2

Attorney Redder indicates that Debtor is employed by the United States Army and is currently deployed to the Country of Iraq, on active duty. Thus, this Court's electronic case filing system contained sufficient information to put all parties on notice that Debtor is a service member on active duty in Iraq.

Nevertheless, on June 13, 2005, the law firm of Miller & Meola, located at 14 Corporate Woods Boulevard, Albany, New York, filed a Motion for Relief from Stay pursuant to 121 U.S.C. § 362(d)(1) and (2) (the "Lift Stay Motion"), ECF Docket No. 5, seeking permission to obtain possession and sell Debtor's 2001 Chevrolet S10 Pick-Up Truck (VIN# 1GCCS195018131881) (the "Vehicle"). Annexed to the Lift Stay Motion as Exhibit #3 is an Affidavit, executed by Richard J. Miller, in which Mr. Miller indicates that "[a]s attorney for movant admitted to practice before this Court, I represent that upon information and belief, the debtor is not an infant, incompetent, or *in the military*." (Emphasis supplied) (the "Affidavit"). The Affidavit does not contain any factual allegations required by SSCRA that support this representation, stating the basis for affirmant's information and belief.

The Chapter 7 Trustee filed a letter, dated June 28, 2005, ECF Docket No. 8, informing the Court that although the Trustee took no position as to the relief sought by the Lift Stay Motion, the Movant's "Rule 55"[1] Affidavit was inaccurate, as it indicated that Debtor was not in the military when, in fact, Debtor was on active duty in Iraq. In response, the Court issued the instant order to show cause, as it appeared that the

---

[1] Even prior to the amendment of the SSCRA, this Court required affidavits on default in which the party seeking a default affirmed, under penalty of perjury, that the defaulting party was not an incompetent, an infant or a member of the military. These affidavits are required by Local Bankruptcy Rule for the Southern District of New York 7055-1, and are named for Federal Rule of Civil Procedure 55, which is applicable to certain bankruptcy proceedings pursuant to Federal Rule of Bankruptcy Procedure 7055.

3

Affidavit was incorrect, and perhaps knowingly false, based upon the information available to the Court at that time. Even if the Court assumed when issuing the order to show cause that the Affidavit was not made with actual knowledge that Debtor was deployed to Iraq, the fact that the Debtor's petition and the Motion for Telephonic Appearance both specified Debtor's military status gave the Court reason to believe that Federal Rule of Bankruptcy Procedure 9011(c) might be implicated, as well, because Mr. Miller obviously did not review the bankruptcy petition to ascertain Debtor's occupation.

In response to the order to show cause, Mr. Miller submitted an Affidavit of Due Diligence, ECF Docket No. 11, in which he indicated that his office performed a search of the Department of Defense Manpower Data Center (the "Data Center") which did not show Debtor as being on active duty. Although Mr. Miller indicated that he searched the Data Center before filing the motion, he did not print the resulting report but rather merely noted his file. At oral argument, however, Mr. Miller did produce for the Court a contemporaneous notation made by his paralegal in his office file, in accordance with his firm's record keeping procedures, which indicates that an inquiry was made into Debtor's military status on June 9, 2005, four (4) days prior to the motion having been filed. Mr. Miller demonstrated to the Court at the Hearing that an account with the Data Center connected to Debtor's name was opened on June 9, 2005, which corroborates Mr. Miller's argument that his office performed a Data Center search on that date. Mr. Miller also provided the Court with two subsequent Data Center searches, performed on June 29 and 30, which both state that Debtor is not on active duty. It was unclear to the Court whether Debtor's name would appear in the Data Center as he is deployed with the National Guard; however, Mr. Miller indicated that in his experience the Data Center

4

records contained information with regard to reservists, and he attested that he found the Data Center information to be reliable and generally accurate. Indeed, Debtor's counsel stated that Debtor was not deployed until the end of May, 2005, which may be an explanation for the fact that Debtor's name does not yet appear in the Data Center.

In further support of his assertion that he was unaware of Debtor's military status, Mr. Miller indicated that GMAC has a special code for military personnel, eloquently explaining GMAC's sensitivity to the status of military personnel and the measures employed by GMAC to prevent any inadvertent violation of servicemembers' protections. This code was not indicated on Debtor's file when forwarded to Mr. Miller's office, and in partial reliance on his client's records, as well as his own efforts to ascertain Debtor's military status, the Affidavit was submitted. Mr. Miller ruefully admits that he did not look at the Debtor's petition prior to filing the affidavit, a mistake that he clearly regrets and will not make in the future. Mr. Miller is correct when he maintains that the Docket, as opposed to the documents filed with the Court, does not contain any information that Debtor is on active duty.

While Debtor's counsel appeared at the Hearing, as ordered to so by the the Order to Show Cause, counsel for Debtor was unfamiliar with the file and unaware that his client's meeting of creditors was to take place on July 7, 2005. Counsel stated for the record that his client did not oppose the relief sought and in fact, wished to voluntarily surrender the vehicle as indicated on the Chapter 7 Individual Debtor's Statement of Intention, which was filed with the Debtor's bankruptcy petition.

5

## DISCUSSION

<u>Standard pursuant to Servicemembers' Civil Relief Act</u>

Since September 11, 2001, many of this nation's military personnel have been engaged in active combat overseas. These servicemembers include many national reservists, including Debtor. To provide these men and women with broader protections against civil liability, and at times, in all likelihood unaware of the action pending against them, Congress has amended the Soldiers' and Sailors' Civil Relief Act, 50 U.S.C. app. § 501 *et seq.* (2003) ("SSCRA"). *See* H.R. REP. 108-81, at 32 (2003) ("With hundreds of thousands of servicemembers fighting in the war on terrorism and the war in Iraq, many of them mobilized from the reserve components, the Committee believes the Soldiers' and Sailors' Civil Relief Act (SSCRA) should be restated and strengthened to ensure that its protections meet their needs in the 21st century."); *see also U.S. v. Kaufman*, 453 F.2d 306, 309 (2d Cir. 1971) (purpose of the SSCRA is to prevent default judgments from being entered against members of the armed services in circumstances where they might be unable to appear and defend themselves). This Court takes its responsibility to protect the rights of these men and women pursuant to SSCRA seriously. Our country's servicemembers must have peace of mind that they will not be subject to civil actions which they cannot appear and defend.

SSCRA clearly applies to the Lift Stay Motion. Section 201 of SSCRA, entitled "Protection of Servicemembers against Default Judgments," states that "[t]his section applies to *any* civil action or proceeding in which the defendant does not make an appearance." (emphasis supplied). In this matter, creditor GMAC was seeking relief from the automatic stay in order to repossess Debtor's vehicle. As many such lift stay

6

motions are never opposed and are granted on default, it has long been this Court's practice to require the moving party to file an "Affidavit of Default," in which the moving attorney affirms that to the best of his or her knowledge, the debtor(s) are not infants, incompetents or members of the military.

Similarly, SSCRA requires that any "plaintiff"[2] file an affidavit "(A) stating whether or not the defendant is in military service <u>and showing necessary facts to support the affidavit</u> or if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." § 201(b)(1). Thus, SSCRA requires more information than that required pursuant to Local Bankruptcy Rule for the Southern District of New York 7055-1, which provides, *inter alia*, that a party seeking a default judgment must file an affidavit that states among other things the defaulting party is not an infant, incompetent or member of the military.

The Affidavit filed in this case complied with Local Rule 7055-1, but not with SSCRA. It did not show the necessary facts to support the affidavit, which the Court later learned, via Mr. Miller's response to the order to show cause, concerned a search of the Data Center for information regarding Debtor's military status. The Court holds that all SSCRA affidavits must comply not only with Local Rule 7055-1, but also with SSCRA § 201(b)(1). In this case, the provision of the necessary factual support for movant's conclusion that Debtor is not on active duty in the armed forces would have possibly prevented the issuance of the order to show cause.

---

[2] In the context of a lift stay motion, the "plaintiff" would be the moving party.

The Court must next consider whether Mr. Miller's affidavit was knowingly false, the filing of which might subject him to criminal penalties pursuant to SSCRA.[3] The Court finds that it was not. Mr. Miller appeared in Court with the appropriate demeanor, and explained in detail his office policies for safeguarding the rights of servicemembers. The Court is satisfied that the Affidavit was made by Mr. Miller with the good faith belief that Debtor was not a member of the military. The Court is disturbed that movant's law firm did not bother to check the Debtor's petition, not only to ascertain his occupation, but also to review the Debtor's Statement of Intention.[4] Had Mr. Miller done so, not only would have avoided the inconvenience of appearing on an Order to Show Cause the day following the 4th of July holiday, he may have also have been able to work out an agreement with Debtor's counsel for surrender of the vehicle which would have obviated the need for the Lift Stay Motion. The Court therefore holds that in order to comply with SSCRA, a moving party must review the debtor's petition to determine the debtor's occupation. This is not to say that such a review would satisfy a movant's responsibility with regard to SSCRA, it clearly would not; rather, such a review is an essential step in the process of determining a debtor's military status. The Court is aware that such measures are time consuming and at times expensive; however, in the interest of preserving the rights of this country's troops the costs are justified.

<u>Standard pursuant to Federal Rule of Bankruptcy Procedure 9011</u>

---

[3] *See* 50 U.S.C. app. § 201(c): PENALTY FOR MAKING OR USING FALSE AFFIDAVIT.--A person who makes or uses an affidavit permitted under subsection (b) (or a statement, declaration, verification, or certificate as authorized under subsection (b)(4)) <u>knowing it to be false</u>, shall be fined as provided in title 18, United States Code, or imprisoned for not more than one year, or both.

[4] A debtor's statement of intention becomes much more significant under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, *see* 11 U.S.C. § 362(h) as revised. All parties to a bankruptcy proceeding would be well advised to review this section and to take note of the provisions therein prior to the 2005 Act's October 17, 2005 effective date.

8

The Court next considers whether Mr. Miller's failure to review the bankruptcy petition prior to filing the Affidavit constitutes a violation of Rule 9011. Rule 9011 states in pertinent part:

> (a) Signing of papers - Every petition, pleading, written motion, and *other paper*, except a list, schedule, or statement, or amendments thereto, shall be signed by at least one attorney of record in the attorney's individual name....
> (b) Representations to the court - By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, *formed after an inquiry reasonable under the circumstances*,--
> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery...

Rule 9011 makes clear that active ignorance will not suffice. Rather, "...the Rule now imposes an affirmative duty on an attorney to reasonably inquire into the facts stated in a document signed by the attorney." *See In re Mergenthaler*, 144 B.R. 632, 635 (Bankr. E.D.N.Y. 1992) (citation omitted). The standard is objective; that of a reasonable inquiry by a competent attorney. *Id.* The Court thinks that it is reasonable, and at the minimal level of competence, for a party seeking a default judgment under current national conditions to examine a debtor's petition as one step in the process of determining whether debtor is on active duty overseas. *See also In re 72nd Street Realty Associates* 185 B.R. 460, 470 (Bankr. S.D.N.Y. 1995) ("Bankruptcy Rule 9011 provides for sanctions against an attorney who signs a pleading that contains misstatements of fact which the attorney knew were untrue or after reasonable inquiry would have learned were untrue..."). Reviewing the petition takes but a moment; all

9

bankruptcy petitions filed in this Court are available for viewing on the internet via this Court's electronic case filing system ("ECF") and can be viewed remotely by counsel without taking a trip to the courthouse. If the moving attorney could run a search on the Defense Department's Data Center, he certainly could have viewed the Debtor's petition prior to filing the Affidavit.

Nonetheless, it is not as if Mr. Miller, without any information whatsoever, in active ignorance of Debtor's military status, filed the Affidavit. Instead, Mr. Miller relied on the Data Center search results in filing his Affidavit, which, when considered together with the fact that his client had not coded the Debtor's file with their standard military code, had been his firm's practice to date with considerable success, according to Mr. Miller' statements at the Hearing. The Court thinks, given the apparent prevalence of using the Data Center as the source of information regarding military status, that Mr. Miller's Affidavit was made with the degree, albeit at the minimal end of the scale, of investigation necessary. Going forward, however, this Court will not countenance such Affidavits being filed without inquiry also being made into the petition and Debtor's occupation as so stated; if the Court's record reveals *in any way* that a debtor is on active duty in the military, it is the responsibility of the party seeking a default judgment, as defined by SSCRA, to ascertain this status by reviewing the documents contained on the Court's docket.

A final consideration in not sanctioning Mr. Miller was the fact that no harm accrued to Debtor as a result of the Affidavit. Debtor intended to surrender the vehicle at issue and so stated in his petition. From all appearances, i.e. Mr.

10

Miller's practice before this Court and his demeanor and professionalism in the handling of this order to show cause, Mr. Miller is a fine attorney and a gentleman, who unfortunately made a slight error that upon first blush appeared to have been an intentional attempt to mislead the Court but after further investigation was discovered to be an innocuous inaccuracy.

Dated: Poughkeepsie, New York
       August 2, 2005

/s/ CECELIA G. MORRIS
Cecelia G. Morris, U.S.B.J.